BELSOME, J.,
dissents with reasons.
hi respectfully dissent with regard to the majority’s finding that the trial court did not abuse its discretion in disallowing jurisdictional discovery. While it is well-settled that a trial court has vast discretion with respect to pre-trial discovery, Krepps, supra, the jurisdictional issue is at the heart of Appellants’ allegations regarding the telephone conversations between Michael and Melinda Wilson involving the diversion of funds while Michael was in Louisiana.
Moreover, Appellants have set forth sufficient facts to establish specific personal jurisdiction in this case. “Specific jurisdiction exists when ‘a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant’s contacts with the forum.’ ” Drake v. Laboratory Corp. of America Holdings, 2007 WL 776818 (E.D.N.Y. March 13, 2007)(quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Although Melinda Wilson’s actions occurred in Texas, Ms. Wilson communicated with Michael Wilson, who traveled to New Orleans in furtherance of the alleged scheme to defraud Appellants.
| .¿The majority cites Drake, supra, in support of its holding that specific personal *926 jurisdiction is improper under these facts and circumstances. The court in Drake acknowledged that the plaintiff cited cases for the proposition that acts within New York, the forum state, by a co-conspirator of an out-of-state defendant could subject the out-of-state defendant to personal jurisdiction in New York. Drake, supra at *11. In Drake, however, the court found that the plaintiffs allegations of conspiracy were insufficient to support the exercise of personal jurisdiction because he did not allege that any of the conspiracy defendants committed a tort in New York.[1] Id. Conversely, in this case, Appellants allege that defendant Michael Wilson, while in Louisiana, conspired with Melinda Wilson in furtherance of the fraudulent scheme. Specifically, Appellants allege that while in New Orleans, Michael Wilson directed Appellants to deposit money into the Wilson & Meyer account at Lakeside in Texas, which Ms. Wilson facilitated.
La. R.S. 13:8201 provides, in pertinent part (emphasis added):
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
[[Image here]]
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
[[Image here]]
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
| ^Accordingly, if Ms. Wilson acted as Mr. Wilson’s agent in the alleged conspiracy as his co-conspirator, her actions fall within the provisions of La. R.S. 13:3201(A)(3), making the exercise of specific personal jurisdiction proper. Under the doctrine of respondeat superior, Louisiana would likewise have jurisdiction over Lakeside as Ms. Wilson’s employer. For the foregoing reasons, I respectfully dissent.[2]

. The New York statute regarding personal jurisdiction over non-residents provides that the state shall exercise its long-arm jurisdiction over a non-domiciliary who personally or through his agent commits a tortious act within the State. See N.Y. C.P.L.R. § 302. New York jurisprudence has defined "agent” to encompass a defendant's co-conspirators in certain circumstances. See Chrysler Capital Corp. v. Century Power Corp., 778 F.Supp. 1260 (S.D.N.Y.1991); Lehigh Valley Indus., Inc. v. Birenbaum, 389 F.Supp. 798 (S.D.N.Y.1975).
Although the Louisiana Supreme Court as well as this Court's jurisprudence is silent as to whether an "agent” under La. R.S. 13:3201 potentially encompasses a co-conspirator, at least one Louisiana court has rejected this theory. See Dietz v. Dietz, 2008 WL 5351049 (W.D.La.9/24/08) at *3 (stating that "[t]he undersigned has found no support for the proposition that the Louisiana Supreme Court would adopt the conspiracy theory of jurisdiction to satisfy the minimum contacts prong of the inquiry.”).

. As a side note, it is conceivable that personal jurisdiction issues may inevitably become obsolete with advances in technology and the pervasiveness of the World Wide Web. See Ryan W. Scott, Minimum Contacts, No Dog: Evaluating Personal Jurisdiction for Nonparty Discovery, 88 Minn. L.Rev. 968, 991-92 (2004)(discussing advances in technology and its effect on courts’ subpoena power):
Personal jurisdiction limits for nonparty discovery might seem quaint in light of *927 technological developments that dramatically reduce the burdens of nonparty testimony and document production. Some observers contend that advances in technology have rendered strict territorial limitations on the subpoena power of courts obsolete.
Scott, supra, at 991-92. See also Cathaleen A. Roach, It's Time to Change the Rule Compelling Witness Appearance at Trial: Proposed Revisions to Federal Rule of Civil Procedure 45(e), 79 Geo. L.J. 81 (1990).